IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-444-ECM-KFP |
| | ) |
| HYUNDAI MOTOR MANUFACTURING | ) |
| OF ALABAMA, | ) |
| | ) |
| Defendant. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Doc. 5. Before the Court is Defendant's Motion to Dismiss (Doc. 6) and Motion for Sanctions (Doc 7). Upon consideration of the parties' filings, applicable case law, and the injunction against pro se Plaintiff Gregory Kelly, the Magistrate Judge RECOMMENDS this case be DISMISSED and finds that the motions are due to be denied.

On May 21, 2025, the Court declared Kelly a vexatious litigant and ordered that "[a]s a consequence of Kelly's vexatious filing of shotgun pleadings, in the event Kelly filed a shotgun complaint in the future, after appropriate review, the Court will summarily dismiss the pleading and the action without prejudice." *Kelly v. The Water Works and*

*Sanitary Sewer Bd. of the City of Montgomery*, Case No. 2:24-cv-348-RAH-JTA (Doc. 52).[1]

Kelly initiated this suit on June 16, 2025, against Hyundai Motor Manufacturing of Alabama (HMMA). Doc. 1. His Complaint begins by highlighting the constitutional provisions and statutes Defendant allegedly violated. Doc. 1 at 2. It then proceeds to a statement of facts that summarizes a state court case[2] Kelly brought against HMMA and 94 other defendants. The only allegation Kelly supplies outside of his state court case recitation is that because of Kelly's "RICO Act, and EEO complaints against the HMMA Defendant, [Kelly] has been denied employment and training opportunities" with HMMA. Doc. 1 at 12. He claims that the "last adverse action occurred on and about May 15, 2025, when [he] applied for Specialist – Plant Engineering employment position with the HMMA Defendants." Doc. 1 at 12.

Kelly brings 18 causes of action, and each one realleges and incorporates the preceding paragraphs. His prayer for relief requests an award of "more than $33.33 million dollars for compensatory damages and more than $100.00 million dollars in punitive damages," among other forms of relief. Doc. 1 at 39–41. Attached to his Complaint is the

---

[1] This Court takes judicial notice of its own records in other cases involving Kelly. *See* Fed. R. Evid. 201(b)(2); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

[2] *Kelly v. Hyundai Motor Manufacturing of Ala.*, Case No. 03-CV-2025-000132.00. The Court takes judicial notice of the state court case referenced by Kelly in his Complaint. *See Chinn v. PNC Bank, N.A.*, 451 F. App'x 859, 860 n.1 (11th Cir. 2012) (citing Fed. R. Evid. 201(b)) (noting that "[a] district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot reasonably be questioned, including public records."); *see also Keith v. DeKalb County*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (citing Fed. R. Evid. 201) ("We take judicial notice of the [state's] Online Judicial System."). The Court viewed the case on Alacourt (hosted at https://v2.alacourt.com), which provides access to Alabama state trial court records. References to Alacourt documents are designated as "DOC."

final order dismissing his state court case against HMMA and other defendants on April 23, 2025. Doc. 1-1 at 2; *see also Kelly v. Hyundai Motor Manufacturing of Ala.*, Case No. 03-CV-2025-000132.00 (DOC. 294). Also attached is the clarification order from state court providing which defendants were dismissed with prejudice and which were dismissed without prejudice; HMMA was dismissed with prejudice. Doc. 1-1 at 4; *see also Kelly v. Hyundai Motor Manufacturing of Ala.*, Case No. 03-CV-2025-000132.00 (DOC. 336). Finally, Kelly attached the state court injunction against him, declaring him a vexatious litigant and ordering that he cannot "initiate any new lawsuit, action, proceeding, or matter in any Alabama State court without first obtaining leave of [the] [c]ourt." Doc. 1-1 at 13; *see also Kelly v. Ala. Dep't of Ins.*, Case No. 03-CV-2025-000121.00 (DOC. 134).

Upon review of the Complaint, the Court finds it is a shotgun pleading meriting dismissal pursuant to the injunction against Kelly. As Kelly knows, or should know,[3] shotgun pleadings fit into four categories. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The first and "most common type" of a shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second type of shotgun pleading is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type of complaint fails to isolate "each

---

[3] This Court has explained shotgun pleadings to Kelly many times. *See, e.g.*, *Kelly v. The Water Works and Sanitary Sewer Bd. of the City of Montgomery*, Case No. 2:24-cv-348-RAH-JTA (Doc. 48 at 6) ("Many times, the undersigned has explained to Kelly in this and other cases why his pleadings are shotgun pleadings.") (collecting cases).

cause of action or claim for relief" into different counts. *Id.* at 1323. And the fourth type of complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

    Here, the Complaint appears to contain elements of two categories of shotgun pleadings: categories one and two. *See id.* at 1321–23. The Complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts" leading to a final Count that essentially is the culmination of everything contained in the document. *See id.* at 1321. Likewise, the first 30 paragraphs of the Complaint summarizing his state court complaint against HMMA (and 94 other defendants) are "replete with conclusory, vague, and immaterial facts," which are not connected to the substance of any of Plaintiff's causes of action. *See id.* at 1322. It is a far cry from the "short and plain statement" required by Rule 8(a) of the Federal Rules of Civil Procedure.

    To the extent Kelly was trying to bring a retaliation claim through his factual assertion that HMMA denied him employment because of his RICO Act and EEO complaints, this allegation does not drag his Complaint out of shotgun pleading territory because it is conclusory. Conclusory allegations are those which express "a factual inference without stating the underlying facts on which the inference is based." *Conclusory*, Black's Law Dictionary (11th ed. 2019). Kelly's factual assertion provides no

4

specifics about how HMMA's alleged denial of employment is due to his RICO Act and EEO complaints. It is also unmoored from any legal cause of action; the factual allegation infers retaliation, but no claim of retaliation was brought. In his Counts, Kelly alleges in conclusory fashion that he was not employed by HMMA because of race, age, and disability discrimination and because HMMA with "more **than 458 state agencies**" formed a civil conspiracy "for the purpose of impeding, hindering, obstructing, or defeating the due course of justice in the State pf [*sic*] Alabama with the intent to deny [Kelly] the 'right to work' and equal protection of the laws." Doc. 1 at 20; *see also* Doc. 1 at 13, 14, 16, 22, 25, 26, 36. None of the Counts align with the factual allegation that infers retaliation, and the Counts do not provide anything more than conclusory allegations.

Kelly has been given extensive guidance on how to file a proper complaint, yet he chose to "appl[y] his own typical pleading standard—pages and pages of disjointed nonsense with an incomprehensible amalgamation of legal terms and statutes," (Doc. 6 at 1–2), making it "impossible to tie any of [the] assertions to any actual act committed by HMMA." (Doc. 6 at 8).

Accordingly, because Kelly's Complaint is a shotgun pleading in violation of the injunction against him, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice. *See Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))); *see also McNair v. Johnson*, 2025 WL 1923126 (11th Cir. July 14, 2025) ("Dismissal without prejudice was

an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules.").

Because the Complaint is due to be dismissed pursuant to the injunction, Defendant's Motion to Dismiss is due to be denied as moot. Defendant's Motion for Sanctions is also due to be denied. The Court recently imposed the sanction of an injunction against Kelly for his shotgun pleading, and this is Kelly's—a pro se litigant—first violation of the injunction. Thus, the Court, in its discretion, will afford Kelly one more instance of leniency, but **Kelly is expressly warned that another violation of the injunction may result in monetary sanctions.**

Accordingly, it is ORDERED as follows:

1. Defendant's Motion to Dismiss (Doc. 6) is DENIED;

2. Defendant's Motion for Sanctions (Doc. 7) is DENIED; and

3. On or before **August 4, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of July, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE