IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-444-ECM |
| | ) | |
| HYUNDAI MOTOR MANUFACTURING | ) | |
| OF ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On May 21, 2025, the Court declared Plaintiff Gregory Kelly ("Kelly") a vexatious litigant "as a consequence of Kelly's vexatious filing of shotgun pleadings" and further ordered that "in the event Kelly files a shotgun pleading in the future, after appropriate review, the Court will summarily dismiss the pleading and action without prejudice." (Doc. 52 at 2 in *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (M.D. Ala.)). On July 21, 2025, the Magistrate Judge entered a Recommendation that Kelly's complaint in this case be summarily dismissed because it is a shotgun pleading. (Doc. 10). Kelly timely filed objections to the Recommendation. (Doc. 14). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Kelly's objections, the Court concludes that Kelly's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

Kelly does not specifically object to any of the Magistrate Judge's findings or conclusions, including the Magistrate Judge's conclusion that Kelly's complaint (doc. 1) is a shotgun pleading. Instead, Kelly merely restates the allegations in his complaint, requests that default judgment be entered against the Defendants, and requests that the Court declare certain Defendants a "Continuing Criminal Enterprise." (Doc. 14 at 1). Kelly has not shown that the Magistrate Judge committed any error; therefore, his objections are

due to be overruled.[1]  The Court agrees that Kelly's complaint is a shotgun pleading and that this case is due to be summarily dismissed without prejudice.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. Kelly's objections (doc. 14) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 10) is ADOPTED;

3. This case is DISMISSED without prejudice;

4. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 14th day of August, 2025.

       /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] After the Magistrate Judge entered her Recommendation but before Kelly filed his objections, Kelly filed three motions which remain pending. (Docs. 11, 12, 13).  To the extent Kelly intended for these submissions to operate as objections, they fail to demonstrate any error in the Magistrate Judge's Recommendation; consequently, they are due to be overruled.